UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20688-CR-1-HUCK/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SIRVONTRE MARQUISE INGRAM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Paul C. Huck referred this matter to me to conduct a change of plea hearing for Defendant Sirvontre Marquise Ingram. (ECF No. 42). I held that hearing on February 4, 2020. (ECF No. 48). For the following reasons, I recommend that the Court accept Defendant's plea of guilty.

1. At the start of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Huck, the presiding District Court Judge. I also advised Defendant that Judge Huck would sentence him and make all findings and rulings concerning his sentence.

2. Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that Judge Huck conduct the change of plea hearing. Defendant, Defendant's attorney, and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3. I conducted the plea colloquy with Defendant in accordance with Federal

Rule of Criminal Procedure 11.

4. The parties entered into a written plea agreement and had that document with them at the hearing. That document was thereafter filed with the Court. (ECF No. 50). I reviewed that plea agreement on the record, and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count One of the Indictment, which charges Defendant with Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, 1029(b)(2); Count Two of the Indictment, which charges Defendant with Use of One or More Unauthorized Access Devices, in violation of Title 18, United States Code, 1029(a)(2); and Count Five of the Indictment, which charges Defendant with Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(l).

5. The parties also agreed to a written factual proffer and had that document with them at the hearing. The document was thereafter filed with the Court. (ECF No. 49). Defendant said that he read that factual proffer and agreed to its accuracy. He also confirmed that he signed it. Government counsel identified all the essential elements of the offenses to which the Defendant pled guilty, including any applicable sentencing enhancements and/or aggravating factors. Defendant also explained, in his own words, how he committed the crimes charged in Counts One, Two, and Five of the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum period of 10-years' imprisonment and the minimum mandatory of two-years' imprisonment.

6. Based upon the foregoing and the statements and findings at the plea colloquy, which I incorporate into this Report, I find that Defendant was competent and capable of entering an informed plea and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings and adjudicate Defendant guilty of the crimes charged in Counts One, Two, and Five of the Indictment.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of the crimes charged in Counts One, Two, and Five of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report with the Honorable Paul C. Huck, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 5th day of February 2020, at Miami, Florida.

                                                 _____
                                                 CHRIS McALILEY
                                                 UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Paul C. Huck
        Counsel of record